JUNE HUNTER v. THE STATE.

No. 5562.   Decided December 10, 1919.

1.—Local Option—Insanity—Practice on Appeal.

Where defendant in his motion for new trial alleged that defendant's mind was of such character as to render him legally insane, the matter should have been inquired into in a lunacy proceeding, but there was no error in the trial court in overruling the motion.

2.—Same—Misdemeanor—Requested Charges—Practice on Appeal.

Where the motion for new trial was not signed or sworn to, nor the facts therein stated in such a way as would make their truth a question to

be considered either by the trial court or this court, they cannot be considered, and the indictment and charge of the court being sufficient the judgment is affirmed.

Appeal from the District Court of Smith.   Tried below before the Hon.  J. R. Warren, judge.

Appeal from a conviction of a violation of the local option law; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Smith County, for the violation of the local option law, and given a penalty for five years in the penitentiary.

There is no statement of facts, and no exceptions appear in the record, either to the evidence or to the charge of the court; but appellant raises one question in his motion for a new trial, which we will notice.

Appellant was tried on April 28, 1919, and his amended motion for a new trial was filed on May 7, 1919; appended to which motion were four affidavits of parties, substantially stating that appellant was of weak mind and easily influenced and one of said affidavits raises the question of whether or not appellant had sufficient intelligence to know the difference between right and wrong. If it be claimed that appellant's mind is of such character as to render him legally insane, such matter could be inquired into after, as well as before, trial, and upon an adjudication of such question in a lunacy proceeding, appellant could be sent to an institution for the insane and not to the penitentiary. We make this observation, stating, however, that the matter is not presented in the record in such way as to show any error in the action of the trial court in overruling the motion for a new trial.

There are other facts stated in the motion for a new trial, which we cannot consider. Said motion was not signed or sworn to, nor the facts therein stated in such a way as would make their truth a question to be considered either by the trial court or this court. No reason or excuse is shown why there is no statement of facts in the record.

The indictment and charge of the court are sufficient, and no error appearing, the judgment of the trial court is affirmed.

*Affirmed.*